```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

ASHLEY TRANSPORT, INC.; AND
ASHLEY FARMS & TRUCKING, LLC                            PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:11CV469TSL-MTP

CATERPILLAR, INC.; CATERPILLAR
ENGINE SYSTEMS, INC; PACCAR, INC.;
PETERBILT OF HATTIESBURG, LLC; ABC
CORPORATIONS (1-5); AND JOHN DOES
(A-E)                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiffs Ashley Transport, Inc. And Ashley Farms & Trucking, LLC, to remand pursuant to 28 U.S.C. § 1447. Defendant PACCAR, Inc., joined by Caterpillar, Inc. and Caterpillar Engine Systems, Inc., has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion should be denied.

Plaintiffs filed the present action in the Circuit Court of Scott County, Mississippi, asserting claims for breach of express and implied warranties, misrepresentation and negligence relating to their purchase of certain Peterbilt trucks. Plaintiffs allege that the trucks, manufactured by PACCAR and purchased from

1

PACCAR's distributor, Peterbilt of Hattiesburg, were equipped with Caterpillar C-15 engines manufactured by the Caterpillar defendants which were defective, resulting in repeated and numerous breakdowns causing significant downtime resulting in substantial out-of-pocket repair costs and lost profits, for which they seek recovery.  Defendant PACCAR, with the consent of its codefendants, timely removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

It is undisputed that both plaintiffs, as limited liability companies whose members are citizens of Mississippi, are considered citizens of Mississippi, see Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1088 (5th Cir. 2008) (citizenship of limited liability company is determined by citizenship of all its members); that PACCAR is a Delaware corporation with its principal place of business in Washington state; and that the Caterpillar defendants are Delaware corporations with their principal place of business in Illinois.  At issue on plaintiffs' motion is the citizenship of defendant Peterbilt of Hattiesburg, LLC.[1]

In the notice of removal, PACCAR alleged that while Peterbilt of Hattiesburg is a Mississippi limited liability company, it is considered a Louisiana citizen for purposes of

---

[1]   It is also undisputed that the amount in controversy well exceeds the $75,000 threshold for diversity jurisdiction.

diversity jurisdiction since its only member, Jack B. Brabham, was a resident of Louisiana, or so PACCAR believed.  In their motion to remand, plaintiffs assert that regardless of what PACCAR may purport to believe, it has not sustained its burden to show that Brabham is the sole member of Peterbilt of Hattiesburg or that he currently resides in Louisiana, see Lawson v. Chrysler LLC, Civil Action No. 4:08-CV-19-DPJ-JCS2009 WL 961226, 3 (S.D. Miss. Apr. 7, 2009) (party seeking to invoke jurisdiction of federal court had burden of proving that jurisdiction exists and hence had burden to prove that no member of LLC was Mississippi citizen)(citing Aetna Cas. & Surety Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986)); and they point out that the Mississippi Secretary of State's website, on which Brabham is the only member of Peterbilt of Hattiesburg listed, identifies his address as 212 25th Street, P.O. Box 648, McComb, Mississippi.

In response to plaintiffs' motion, PACCAR has provided an affidavit from Jack Brabham, in which he explains that Peterbilt of Hattiesburg, LLC, has only one member, The Day Group, LLC, and that The Day Group, LLC, in turn, has only one member, which is Brabham, so that Peterbilt of Hattiesburg is considered a citizen of Louisiana.  See Williams v. North Hill Square Apts., Civil Action No. 3:08cv672-DPJ-JCS, 2010 WL 1416154, *1 (S.D. Miss. Apr. 7, 2010) (where LLC is made up of other LLCs, court must trace the citizenship of each such person or entity down the

3

various organizational layers) (citing <u>Lawson</u>, 2009 WL 961226, at *2). Brabham further explains that he is the registered agent for service of process on Peterbilt of Hattiesburg, and that while he owns a dealership at 215 25th Street in McComb, Mississippi, and receives mail as Peterbilt of Hattiesburg's registered agent at that address, he, in fact, does not and has never resided at that address and instead resides in Louisiana. Plaintiffs have offered no evidence to the contrary. The court thus concludes that PACCAR has sustained its burden to establish jurisdiction.

Accordingly, it is ordered that plaintiffs' motion to remand is denied.[2]

SO ORDERED this 1st day of September, 2011.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that PACCAR has asserted improper joinder of Peterbilt of Hattiesburg as an alternative basis for finding diversity jurisdiction. However, as it is clear that Peterbilt of Hattiesburg is a diverse defendant and that there is complete diversity of citizenship and thus diversity jurisdiction in this court, the court will not at this time consider PACCAR's improper joinder argument. Peterbilt of Hattiesburg has separately moved to dismiss asserting much the same arguments as PACCAR, but briefing on that motion was stayed pending a decision on the motion to remand. Plaintiffs will have fourteen days from entry of this opinion to file their response to Peterbilt of Hattiesburg's motion. The court will consider that motion once briefing is complete.