**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**ASHLEY TRANSPORT, INC., ET AL.**                                                 **PLAINTIFFS**

**VERSUS**                           **CIVIL ACTION NO. 3:11cv469-TSL-MTP**

**CATERPILLAR, INC., ET AL.**                                                 **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Plaintiffs' Motion [56] to Compel Discovery. Having considered the submissions of the parties and the applicable law, the court finds that the Plaintiffs' Motion [56] to Compel should be granted in part and denied in part as set forth herein.

Plaintiffs filed this action in the Circuit Court of Scott County, Mississippi, asserting claims for breach of express and implied warranties, fraud/misrepresentation, and negligence/ gross negligence against the Defendants. Plaintiffs allege, in part, that they purchased trucks equipped with Caterpillar C-15 engines manufactured by the Caterpillar Defendants which were defective, resulting in repeated and numerous breakdowns and causing significant downtime and substantial out-of-pocket repair costs and lost profits. The action was removed to this court on July 28, 2011.

In their Motion [56], Plaintiffs seek an order compelling Defendants Caterpillar, Inc. and Caterpillar Engine Systems, Inc. (collectively "Caterpillar") to produce documents and information in response to Plaintiffs' First Set of Interrogatories and Requests for Production. Specifically, Plaintiffs seek adequate responses and documents to the following discovery requests: Interrogatory Numbers 2, 4, 7-11, 13-14, 17, 19-22, and 24-25, and Requests for Production Numbers 3, 4, 7-10, 12, 14, 15, 17, 20-22, and 26-27.

As an initial matter, the court notes that the parties did not execute a good faith certificate

as required by L.U.Civ.R. 37(a).  According to Plaintiffs' motion, Plaintiffs forwarded their good faith letter and good faith certificate to Caterpillar on August 8, 2012, and Caterpillar never returned it.  The court advised counsel for Caterpillar during the telephonic motion hearing on September 11, 2012, to return the good faith certificate to Plaintiffs' counsel.  However, Caterpillar does not mention the good faith certificate in its response and there is nothing in the record to indicate it was returned.  Caterpillar will be required to show cause why the good faith certificate was not executed as required.  *See* L.U.Civ.R. 37(a).

The court is guided by the Federal Rules of Civil Procedure in addressing discovery disputes.  The court must limit discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or when "the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C).  This court is vested with broad discretion in establishing the scope of discovery.  *See Conboy v. Edward D. Jones & Co.*, 140 Fed. App'x 510, 516 (5th Cir. 2005).

Plaintiffs ask this court to order Caterpillar to comply with the production of documents and information as ordered in the *Parish Leasing* case, a case they claim "involves identical or substantially the same 2004 EPA Compliant Caterpillar C-15 engines (with the only difference being the rated horsepower on the engines)[,]" "or simply order that this discovery may be used in the subject case."  Motion [56] at 3.  Caterpillar disagrees, pointing out that this court is not bound by the ruling of the Jones County Circuit Court in that case and noting various differences between that case and this one.  The court agrees with Caterpillar on this issue.  The disputed

2

discovery issues before this court remain within this court's discretion and are the responsibility of this court. *Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir. 1990) ("Discovery matters are entrusted to the district court's sound discretion."). Moreover, the record is not at all clear that the other case is identical, or substantially so, such that the discovery orders in one case should apply to another.[1] The court addresses each request below.

*Disputed Interrogatories*

1. The motion is granted in part and denied in part as to Interrogatory No. 2. It appears that the first part of this interrogatory, dealing with the identification of people who participated in the design, etc., has been satisfactorily answered. The motion appears to seek only a supplemental response to the second part of the interrogatory, regarding the description of testing of the engine before it was sold to the public. This interrogatory is clearly too broad and general in nature. Plaintiffs made some effort to refine the request to certain component parts of the engine; however, Caterpillar states in its Response [60] that the request is still too general. In their Rebuttal [61], Plaintiffs further refine the request by referring to the parts at issue by part number. *See* Rebuttal [61] at 4-5. Caterpillar is directed to supplement its response to Interrogatory No. 2 as to the specific parts listed on pages 4-5 of the Rebuttal [61]. Plaintiffs state that the parts include, "but are in no way limited to" the parts listed. Caterpillar is only directed to supplement its response as to the parts specifically identified on pages 4-5 of the

---

[1]Although the Plaintiffs argue that simply adopting various discovery rulings in another case would resolve "all issues in the subject motion," the court is not convinced. Many of the discovery requests at issue center around specific repairs made to specific engines in trucks purchased or owned by Plaintiffs. Further, the Stipulation and Protective Order entered in the *Parish Leasing* case specifically provides that the parties in that case are to only use the designated confidential materials for the purposes of the trial and appeal of *that* case only. *See* Ex. E to Motion [56-5].

Rebuttal [61].

2.  The motion is granted in part and denied in part as to Interrogatory No. 4. Caterpillar has sufficiently answered the first part of the interrogatory regarding the explanation of why it abandoned or sold its on-highway engine division. However, Caterpillar is directed to supplement its response as to the portion of the interrogatory regarding the date and manner by which it notified the public and its dealers/purchasers of its decision. All remaining relief is denied.

3.  The motion is granted in part and denied in part as to Interrogatory No. 7. This is a compound interrogatory which includes factual suppositions disputed by Caterpillar and which requests information regarding "certain," yet unidentified, parts. Caterpillar has provided general information regarding the reduction in inventory of parts; Caterpillar disputes that Plaintiffs were unable to obtain parts. The motion identifies the dealers or service departments at issue who are alleged to have ordered the parts (Peterbilt of Hattiesburg, Peterbilt of McComb, Peterbilt Truck Centers of Jackson, Burroughs Diesel, Inc., Central MS Truck and Repair, and Puckett Machinery). Further, Plaintiffs narrow the request to those specific parts listed in their reason to compel Interrogatory No. 2, which was further refined by the specific parts listed on pages four and five of their Rebuttal [61]. Caterpillar shall provide the requested information for the time period in question (2003 - present) for the specific dealers and parts referenced above.

4.  The motion is denied as to Interrogatory No. 8. The interrogatory is argumentative and invites Caterpillar to respond as to why "the subject engines could never be successfully repaired[,]" which is disputed. Caterpillar also points out that the request is premature to the extent it calls for expert opinion. The motion appears to request that Caterpillar respond now to Plaintiffs' expert reports rather than by its own expert designation deadline. The

Case Management Order provides the appropriate date for filing expert reports.

5. The motion is denied as to Interrogatory No. 9. The court finds this compound interrogatory far too broad and unduly burdensome to address or answer in good faith, as it requests a listing of every fact and circumstance relating to every allegation and defense at issue in this lawsuit. The court does not suggest that this information is not discoverable and cannot be obtained through some other means, such as depositions or via a more specific interrogatory. However, as phrased, the interrogatory need not be answered any further.

6. The motion is granted in part and denied in part as to Interrogatory No. 10. As with Interrogatory No. 2, Plaintiffs made some effort to refine the request to certain component parts of the engine. Caterpillar is directed to supplement its response to Interrogatory No. 10 as to the specific parts listed on pages 4-5 of the Rebuttal [61]. Moreover, the court notes Caterpillar's statement that it "stands ready to produce such information subject to an appropriate protective order." *See* Response [60] at 7. The parties and the court executed a Stipulation and Protective Order [38] on February 9, 2012, which should adequately address Caterpillar's confidentiality concerns.

7. The motion is denied as to Interrogatory No. 11. The first part of the interrogatory has been sufficiently answered. The second part of the interrogatory is argumentative and general. As with Interrogatory No. 8, it invites Caterpillar to respond as to why "the repairs" did not work, but specific repairs are not identified. The court does not suggest that this information is not discoverable or cannot be obtained through some other means such as a more specific request, expert reports, or depositions.

8. The motion is granted in part and denied in part as to Interrogatory No. 13. Caterpillar is directed to supplement its response to Interrogatory No. 13 as to the specific parts

listed on pages 4-5 of the Rebuttal [61]. Caterpillar is further directed to state whether there were any proposed alternative designs for the variable valve actuators (VVA).

9. The motion is granted in part and denied in part as to Interrogatory No. 14. The court finds that the portion of the interrogatory regarding the notice provided to the dealers and purchasers has been sufficiently answered. Caterpillar is directed to supplement its response to Interrogatory No. 14 as to the specific parts listed on pages 4-5 of the Rebuttal [61].

10. The motion is granted as to Interrogatory No. 17. If Caterpillar's engineers anticipated or projected the number of miles the type of engines at issue would be driven each year on average and how many years, on average, the engines would operate before needing an engine overhaul, the information should be produced. If no such projections were made, Caterpillar shall so state.

11. The motion is granted in part and denied in part as to Interrogatory No. 19, which asks Caterpillar to provide information regarding every service visit or repair for the engines at issue. The interrogatory further demands that Caterpillar state the cause of each "failure" and service visit, whether the visit was due to an engine defect, whether the repair was faulty and, if so, why. In response, Caterpillar denies that the engines were defective. It further argues that the information calls for opinions and that its expert reports are not yet due. While it is true that some of this information may fall within the realm of expert opinion, Caterpillar provides no real reason why it cannot provide information it may currently possess. Accordingly, it shall answer the interrogatory to the extent possible at this time and it may, if necessary, supplement its answer with expert opinions when same are due.

12. The motion is granted as to Interrogatory No. 20. The court understands that the number of repairs that a particular engine may require will depend on an number of unique

factors. However, if Caterpillar made or prepared projections for repairs anticipated during the relevant time period for the engines described in the request, it shall provide them. If not, Caterpillar shall so state.

13. The motion is granted as to Interrogatory No. 21. It appears Plaintiffs are satisfied with Caterpillar's responses to subsections (b) and (d) of this interrogatory, and only take issue with subsections (a) and (c). Regarding subsection (a), Caterpillar interprets the question to call for the names of hundreds of specific engineers and employees when the question simply calls for the name and other identifying information for the head of the engineering division or department that the designed the C-15 engine at issue. Caterpillar is directed to provide the requested information. If, as Caterpillar suggests, a number of departments or groups were involved in the design, then Caterpillar shall provide the information for the heads of those divisions or groups. Further, Caterpillar shall immediately supplement its response to subsection (c).[2]

14. The motion is denied as to Interrogatory No. 22. It appears the only real dispute involving this interrogatory relates to the sale of assets of on-highway engine components since the termination of Caterpillar's on-highway engine manufacturing division. Caterpillar has stated that it disagrees with Plaintiffs' assertions and assumptions in this regard. The court finds that Caterpillar has sufficiently answered this interrogatory.

15. The motion is granted in part and denied in part as to Interrogatory No. 24. The court is aware of Caterpillar's position that it was producing a "substantially different EPA 2007

---

[2]The court notes that Caterpillar briefly referenced this interrogatory in a category on page three of its Response [60], but the court could not locate a discussion or argument regarding this interrogatory in the Response [60].

C15 on-highway engine" when it decided to exit the on-highway engine market. However, it shall provide the date the on-highway engine division was terminated and manufacturing ceased and shall identify the individual or individuals who made the decision.

16. The motion is granted in part and denied in part as to Interrogatory No. 25. Caterpillar is directed to supplement its response to Interrogatory No. 25 by providing the requested information as to the specific parts or components listed on pages 4-5 of the Rebuttal [61].

*Disputed Requests for Production*

17. The motion is granted in part and denied in part as to Request No. 3. The court agrees that this request is unreasonably broad and burdensome. Indeed, if the request were upheld, it would require production of virtually every document that ever existed relating to the engines at issue. In an effort to respond to the request, Caterpillar has produced a sufficient number of documents as identified in the response to the request, especially considering the breadth of this request and that it overlaps numerous others. However, Caterpillar is directed to further supplement its response as to Request No. 3 as to the specific parts or components listed on pages 4-5 of the Rebuttal [61].

18. The motion is granted in part and denied in part as to Request No. 4. The court agrees that this request is unreasonably broad. However, if there is a history of particular complaints or defects with this type of engine, Plaintiffs are entitled to this information. Caterpillar shall supplement its response to provide all documentation reflecting any particular complaints or defects with the ten subject engines. Further, Caterpillar shall provide all documents that summarize, categorize, or outline complaints or defects regarding all of the EPA 2004 compliant C15 on-highway engines (475 hp).

8

19. The motion is granted in part and denied in part as to Request No. 7. Caterpillar shall supplement its response to provide testing information as to the specific parts or components listed on pages 4-5 of the Rebuttal [61]. Further, the engine tests for the ten subject engines shall be produced to Plaintiffs. The parties and the court executed a Stipulation and Protective Order [38] on February 9, 2012, which should adequately address Caterpillar's confidentiality concerns.

20. The motion is granted in part and denied in part as to Request No. 8. First, Caterpillar references certain documents by bates number in its response and states that such documents "will be produced pursuant to the entry of an appropriate protective order in this matter." A Stipulation and Protective Order [38] is already in place; thus, those documents should be produced. The court notes that this request is limited to the subject engines and requests relevant information. However, Caterpillar points out that when it receives orders, they are not associated with a particular product serial number. This information is likely available from, and more appropriately obtained from, Plaintiffs' dealer or from repair or service providers utilized by Plaintiffs. Absent further specification, Caterpillar need not respond any further.

21. The motion is granted in part and denied in part as to Request No. 9. Plaintiffs limit the request in the motion. Caterpillar shall supplement its response as to the engineering change orders and other similar documentation to those components or parts listed on pages 4-5 of the Rebuttal [61]. Further, Caterpillar shall produce any documentation concerning why Caterpillar elected to develop its own proprietary ACERT emission reduction technology instead of using alternative emission reduction technology such as exhaust gas recirculation ("ERG") or selective catalytic reduction ("SCR").

22. The motion is granted as to Request No. 10. While the court understands

Caterpillar's qualifications as stated in its response, the requested information should be produced.

23.     The motion is granted in part and denied in part as to Request No. 12. Caterpillar shall supplement its response as to the components or parts listed on pages 4-5 of the Rebuttal [61]. All remaining relief is denied.

24.     The motion is denied as to Request No. 14; the request is duplicative of other requests.

25.     The motion is granted as to Request No. 15, although the request may overlap with previous requests, such as Request No. 9. The court interprets the request to be limited to any other emission system designs considered for the subject engine line.

26.     The motion is denied as to Request No. 17; the request is duplicative. The court has already ordered Caterpillar to produce all documents regarding the design and testing as to the specific parts or components listed on pages 4-5 of the Rebuttal [61].

27.     The motion is granted in part and denied in part as to Request No. 20. The court has already ordered Caterpillar to produce all documentation reflecting a history of particular complaints or defects with the ten subject engines, and all summary documents which categorize or outline complaints or defects regarding all of the EPA 2004 compliant C15 on-highway engines (475 hp). *See* ruling as to Request No. 4 above. Further, Caterpillar has agreed to produce copies of all lawsuits involving 475 hp EPA 2004 compliant C15 on-highway engines bearing serial number prefixes MXS, NXS, and BXS (with the exception of lawsuits alleging an engine fire); these documents should be produced. *See* Response [60] at 18-19. Except as noted above, any other relief with respect to this request is denied.

28.     The motion is granted in part and denied in part as to Request No. 21. Like many

others, this request is duplicative and contains more than one discrete request for records. The first request is for records verifying Caterpillar's claims relating to the number of engines it manufactured. Caterpillar has agreed to provide this information. *See* Response [60] at 12, footnote 20. The second part of the request involves documents related to parts inventory. Caterpillar shall produce documents relating to the inventory of the specific parts and components listed on pages 4-5 of the Rebuttal [61].

29. The motion is granted in part and denied in part as to Request No. 22. Caterpillar shall produce the original drawings of the subject engines and any change orders and design changes for the specific parts listed on pages 4-5 of the Rebuttal [61].

30. The motion is denied as to Request Nos. 26 and 27; the requests are duplicative of other requests.

*Expert Documents*

Plaintiffs seek an order compelling Caterpillar to produce all materials relied upon by its disclosed experts pursuant to Fed. R. Civ. P. 26 and their relevant document requests. The court finds that Caterpillar may produce these documents by their expert designation deadline.

IT IS, THEREFORE, ORDERED:

1. Plaintiffs' Motion [56] to Compel Discovery is GRANTED in part and DENIED in part as set forth herein, with each party to bear its own costs and fees.

2. Unless otherwise provided herein, Caterpillar shall produce any documents and/or information required by this Order on or before November 30, 2012.

3. On or before November 12, 2012, Caterpillar shall show cause in writing why it did not complete the good faith certificate required by L.U.Civ.R. 37(a) or address the issue in its response.

4. Except as otherwise set forth herein, any other relief demanded in the motion is denied.

SO ORDERED this the 31st day of October, 2012.

s/ Michael T. Parker
United States Magistrate Judge
